DEREK LANGTON (04068)
DAVID P. BILLINGS (11510)
PARSONS BEHLE & LATIMER
Attorneys for Plaintiff Nevada Star Resource Corp.
One Utah Center
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT  84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEVADA STAR RESOURCE CORP., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN UTAH COPPER COMPANY, a Utah Corporation,<br><br>Defendant. | Case No. 2:09-cv-00542-DAK<br><br>**ATTORNEYS' PLANNING MEETING REPORT**<br><br>Judge Dale A. Kimball |

1.  **PRELIMINARY MATTERS:**

    a.   The nature of the claims and affirmative defenses is: Plaintiff Nevada Star Resource Corp. ("Plaintiff") seeks a declaratory judgment with respect to certain issues relating to a written contract entered into between the parties entitled "Agreement and NS Option," dated July 23, 2002 (the "Agreement") involving certain mining properties located in Beaver County, Utah. Defendant Western Utah Copper Company ("Defendant") has asserted various affirmative defenses to Plaintiff's Complaint, including waiver, estoppel and offset. Defendant has also filed a counterclaim against Plaintiff in which Defendant has asserted claims for breach of warranty, declaratory judgment, force majeure, unjust enrichment, breach of the implied covenant of good faith

and fair dealing, abuse of process, and "Value of Occupants Improvements." Plaintiff has asserted various affirmative defenses to the Counterclaim, including estoppel, waiver, laches, unclean hands, statute of limitations, the First Amendment privilege, and failure to mitigate damages.

b. This case is   __X__ not referred to a magistrate judge
   _____ referred to magistrate judge David Nuffer
      _____ under 636(b)(1)(A)
      _____ under 636(b)(1)(B)
      _____ assigned to a magistrate judge under General Order 07-001
      and
      _____ all parties consent to the assignment for all proceedings or
      _____ one or more parties request reassignment to a district judge

c. Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on September 8, 2009 by telephone.
The following were in attendance:
   Derek Langton, Juliette P. White, and David P. Billings, counsel for Nevada Star Resource Corp.

   Ronald C. Barker and Gary Frank, counsel for Western Utah Copper Company

d. The parties _____ request / __X__ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge David Nuffer on October 14, 2009 at 11:00 a.m.

e. The parties _____ have exchanged or __X__ will exchange by __10/09/09__ the initial disclosures required by Rule 26(a)(1).

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic

filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary if the parties disagree.*

   a. Discovery is necessary on the following subjects: *Briefly describe the subject areas in which discovery will be needed.*

   All issues raised by the pleadings.

   b. Discovery Phases.
   *Specify whether discovery will (i) be conducted in phases, or (ii) be limited to or focused upon particular issues. If (ii), specify those issues and whether discovery will be accelerated with regard to any of them and the date(s) on which such early discovery will be completed.*

   Not applicable.

   c. Designate the discovery methods to be used and the limitations to be imposed.

   (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

   Oral Exam Depositions

   Plaintiff(s) __15__

   Defendant(s) __15__

   Maximum no. hrs. per deposition __6__

   (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

   Interrogatories __40__

   Admissions __no limit__

   Requests for production of documents __no limit__

   (3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

   Not applicable

   d. Discovery of electronically stored information should be handled as follows: *In accordance with Rule 45(d)(1) of the Federal Rules of Civil Procedure.*

  e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

  Not applicable.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES:**

  a. The cutoff dates for filing a motion to amend pleadings are: *specify date*

  Plaintiff(s) __10/30/09__   Defendant(s) __11/30/09__

  b. The cutoff dates for filing a motion to join additional parties are: *specify date*

  Plaintiff(s) __10/30/09__   Defendants(s) __11/30/09__

  *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

4. **EXPERT REPORTS:**

  Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

  Plaintiff(s) __5/14/10__

  Defendant(s) __6/14/10__

  Counter reports __7/14/10__

5. **OTHER DEADLINES:**

  a. Discovery cutoff: Fact __4/30/10__   Expert __8/13/10__

  b. *(optional)* Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e): __6/30/10__

  c. Deadline for filing dispositive or potentially dispositive motions and Daubert motions is __8/31/10__.

6. **ADR/SETTLEMENT:**

  *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

  a. The potential for resolution before trial is: ___ good __X__ fair ___ poor

  b. This case should be referred to the court's alternative dispute resolution program for arbitration: _____ mediation: __X__

  c. The case should be re-evaluated for settlement/ADR resolution on: *specify date* __8/31/10__

7. **TRIAL AND PREPARATION FOR TRIAL:**

   a. The parties should have __14__ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

   b. This case should be ready for trial by: *specify date* __1/03/11__
   *Specify type of trial*: __Bench__

   c. The estimated length of the trial is: *specify days* __4__

PARSONS BEHLE & LATIMER

_____   Date: __9/28/09__
DEREK LANGTON
DAVID P. BILLINGS
Attorneys for Plaintiff Nevada Star
Resource Corp.


BARKER LAW OFFICE, LLC

_____   Date: __9/23/2009__
RONALD C. BARKER
GARY A. FRANK
Attorneys for Defendant Western Utah
Copper Company